23-7921-cv
*Shelomentseva v. Computools LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-four.

Present:

> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> PAUL A. ENGELMAYER,
> *District Judge*.[*]

---

GALINA SHELOMENTSEVA and IN CHILD CARE AURA, LLC,

> *Plaintiffs-Appellants*,

v.                                                                      23-7921-cv

COMPUTOOLS LLC,

> *Defendant-Appellee*.[†]

---

| | |
|---|---|
| For Plaintiffs-Appellants: | ROBERT L. GREENER, Law Office of Robert L. Greener, New York, NY |
| For Defendant-Appellee: | DIMITRY JOFFE, Joffe Law P.C., New York, NY |

---

[*] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the case caption as indicated above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Galina Shelomentseva and In Child Care Aura, LLC ("In Child Care Aura," and collectively, "Plaintiffs") appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *District Judge*), entered on November 14, 2023, dismissing their claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court held that the Plaintiffs did not plausibly allege that Defendant-Appellee Computools LLC ("Computools") breached the parties' Service Agreement by failing to provide the Plaintiffs with a "unique" software prototype. "We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016).[1] We assume the parties' familiarity with the case.

As an initial matter, we must confirm that the district court had subject matter jurisdiction over this action because, although the Plaintiffs' Amended Complaint asserted that the district court had diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiffs did not adequately allege the citizenship of the parties. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 398 (2d Cir. 2017) ("Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review."). As pertinent here, when a party is a limited liability company ("LLC"), diversity jurisdiction depends on the citizenship of

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

each of the LLC's members.  *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024). In response to our request for supplemental briefing, the Plaintiffs represented that In Child Care Aura's sole member is Shelomentseva, a citizen of New York, and Computools represented that its sole member is Sergii Tymchuck, a citizen of Ukraine.  Computools's counsel confirmed at oral argument that Tymchuck is not a lawful permanent resident of the United States, which would have been relevant to Computools's citizenship under § 1332(a)(2).  *See Windward Bora LLC*, 110 F.4th at 129.  The Court grants the Plaintiffs' request to amend their Amended Complaint on appeal pursuant to 28 U.S.C. § 1653 to assert these undisputed jurisdictional allegations, which firmly establish diversity jurisdiction in this action.

Turning to the merits, the four corners of the parties' agreement encompass the text of the Service Agreement itself and a two-page attachment titled "Specification #1."  The Service Agreement states that "[a] detailed description" of Computools's services under the agreement "shall be determined by the Specifications which are the respective Additional Agreements to the Service Agreement as its integral parts."  App'x at 63 ¶ 1.1.  The Service Agreement further states that "[t]he scope of services is strictly limited to the content of respective Additional Agreement." *Id.*  Specification #1 is labeled "Additional Agreement #1," *id.* at 70–71, and the record includes no other such "Additional Agreements."  The Court therefore rejects the Plaintiffs' argument that a "Vision Document"—which Computools provided to the Plaintiffs *after* completing performance under the Service Agreement, and which is *not* labeled as an "Additional Agreement"—constituted part of the parties' contract.

Having determined the scope of the parties' agreement, we turn next to the Plaintiffs' contention that Computools's obligation to perform "software development" services, including "[b]usiness analysis and UX [user experience] prototyping," required it to produce a *unique*

3

software product for the Plaintiffs. As the district court explained, the Plaintiffs have not pointed to any term in the Service Agreement setting forth such a requirement. The Amended Complaint, as counsel for the Plaintiffs confirmed at oral argument, did not allege that Computools performed *no* software development services for In Child Care Aura; rather, it alleged that Computools developed software that was *too similar* to software already in use by another company. Because the Service Agreement did not require Computools to produce a novel product, this ends the Court's inquiry. Simply put, the Plaintiffs have not adequately alleged that Computools failed to perform its obligations under the plain terms of the Service Agreement.

\* \* \*

We have considered the Plaintiffs' remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4